## GEHEEBE et al. *v.* STANBY.

Where, in answer to an action by the members of a partnership to recover possession of property retained by defendant after the expiration of his lease, the latter admits that he leased the premises of the plaintiffs, as set forth in their petition, it is a waiver of the right to take advantage of any variance between the names of the persons stated in the petition as composing the partnership, and those stated in the lease.

Plaintiffs leased a shop to a commercial partnership for a twelve-month, granting to the latter the privilege of renewing the lease for another year. It was stipulated that the premises should not be sub-let without the consent of the lessors. The partnership having been dissolved before the expiration of the lease, defendant, one of the partners, occupied the shop until the end of the year, when he notified plaintiffs of his wish to renew the lease for the second year. The latter having refused to renew the lease, sued defendant to recover possession of the premises. There was no proof of any transfer to defendant of the rights of his partners, or of the partnership, in the agreement to renew. Defendant having urged that the lease created a joint obligation, and that the other partner should have been made a party to the action: *Held,* that the lessees, being commercial partners, were bound *in solido;* that, independently of this, it would have been useless to join in the action one who had ceased to occupy the premises, and set up no claim to a renewal of the lease; that after the dissolution defendant could not renew the lease on account of the partnership; and that, assuming that one partner could, after the dissolution, transfer to the other his rights under the lease, so as to enable the latter to claim the renewal for his individual benefit, yet where no such transfer is shown, neither partner can claim the renewal for his individual benefit.

Where the lessor of a house tacitly permits his lessee to continue in possession for more than a week after the expiration of the year for which the original lease was made, the lease will be presumed to have been renewed for the current month; but the landlord may put an end to it, at the expiration of the month, by giving the notice of fifteen days prescribed by article 2656 of the Civil Code.

APPEAL from the City Court of New Orleans, *Collens,* J. The defendant appealed from a judgment ordering the plaintiff to be put in possession of a shop. *McHenry,* for the plaintiffs. *Frazer,* for the appellant.

The judgment of the court was pronounced by

SLIDELL, J. The plaintiffs, who say they are a commercial firm, composed of *C. Geheebe, W. T. Tompkins,* and *C. A. Townsend,* bring suit against Stanby to expel him from a store, of which they allege that the defendant has been their sub-tenant,

3

and whose lease expired on the first day of May, 1845. They allege that they gave Stanby the notice required by law to surrender to them the store, and that he unlawfully retains possession. The suit was brought on the 10th of June, 1845.

*Stanby* pleaded to the jurisdiction of the City Court. This plea is not insisted upon before us, and requires no notice.

His answer contains the following admission and plea: " Defendant, for answer to the plaintiffs' demand, admits the leasing of the house, as set forth by plaintiffs in their petition; but alleges that it was expressly agreed that defendant should have the privilege of another year, and that, at the expiration of the past year, he notified, in writing, the said plaintiffs of his determination to continue for another year. He further pleads a general denial, and prays to be sustained in his possession of the premises."

The plaintiffs proved a notice to quit, as served on the defendant on the 14th May, 1845. The notice required possession on the 1st June.

The defendant offered in evidence a lease signed by *Geheebe & Co.*, as lessors, and by *Schmidt & Stanby*, as lessees. In this lease *Charles Geheebe & Co.* are described as a commercial firm, composed of *C. Geheebe and D. Scherer*. The lessors agree to lease to Messrs. *Schmidt & Stanby* the premises in question from the 1st May, 1844, until 1st May, 1845, at the rate of thirty dollars, payable monthly, with the privilege of renewing for one year. They also stipulate that the lessees shall make no sub-lease of the premises without the consent of the lessors.

It is proved that *Schmidt & Stanby* occupied two stores for the account of the partnership. That some months before the time fixed for the expiration of the lease, the partnership was dissolved. That, after the dissolution, *Schmidt* continued to occupy one of the stores, and *Stanby* the other, being the premises in question. Receipts for rent, dated in November and December, 1844, and in March, April, May, and June, 1845, were offered by defendant. All these receipts express to be for so much money received for rent of *Philip Stanby*. Defendant also offered in evidence a notice dated and served on plaintiffs on the 2d May, 1845, signed by *Stanby*, in which he informs *Geheebe & Co.* that he intends to occupy the store for the ensuing year, commencing on the 1st May, the preceding day. It is also proved that, in the latter part of May, *Stanby* went with a witness to the store of plaintiffs, and demanded of *Geheebe* a renewal of the lease, and told him he intended to remain another year. *Geheebe* refused the renewal.

Such being the pleadings and evidence, the defendant has presented for our consideration several points of defence, which we now proceed to examine.

He contends that there is a variance between the names of the persons stated in the lease, as composing the firm, and those stated in the petition. This variance has been completely waived by his answer, in which, as we have seen, he expressly admits the leasing of the house, as set forth by plaintiffs in their petition.

He contends, also, that the lease created a joint obligation, and that *Schmidt* should have been made a party to this suit. Independently of the consideration that *Schmidt & Stanby* were commercial partners, and, consequently, were liable *in solido*, it is to be observed that this is an action solely to obtain possession of the premises by the expulsion of the defendant. Now, it is very clearly shown that *Schmidt* had ceased to be an occupant for several months, and made

no claim for renewal or possesion.   It was entirely useless, and would have been unjust, to make him a party to the suit.

But the main ground of defence rests on the alleged right of renewal.

The right of renewal was given to the firm of *Schmidt & Stanby*.   Even assuming that this right could be exercised, without a notice, or demand of renewal, before the expiration of the term, and that *Schmidt*, after the dissolution of the firm of *Schmidt & Stanby*, could so transfer to *Stanby* his rights under the lease as to enable *Stanby*, after the partnership was dissolved, to claim the renewal for his individual benefit, certain it is that *Stanby* has not shown any transfer to himself of the rights of the partnership, or of his partner, in the agreement to renew.   All that he has shown is, that the partnership of *Schmidt & Stanby* was dissolved some moths before the expiration of the term; that he remained in possession of the store; that the plaintiffs receipted for the rent as received from him; and that, in their petition, they have recognised him, the defendant, as their sub-tenant.   The mere form of the receipts cannot be considered as changing the original contract; nor does the possession of *Stanby*, nor the alleged relation of sub-tenant, involve a transfer to *Stanby* of the right of renewal stipulated in favor of the partnership,   even supposing that the right of renewal could be exercised by the two partners after the dissolution of the partnership, and after the expiration of the term stipulated in the lease.

It is proper to remark that, though the plaintiffs have called *Stanby* their sub-tenant,   yet evidence adduced without exception, and relied on by both parties, shows this expression to be erroneous.   *Stanby*, as a commercial partner, became bound *in solido* to the plaintiffs for the rent.   So also was the other partner, *Schmidt*.   Neither of them could change this liability without the clear consent of the lessors.   The dissolution of the partnership, and the continuation of *Stanby* alone in the occupation of the premises, were not sufficient to extinguish this solidary liability for the term stipulated in the lease; although the dissolution certainly incapacitated *Stanby*, as regards the partnership, from exercising the right of renewal, for the renewal would create a new obligation.   But whether we regard *Stanby* as a sub-tenant, or as an original co-lessee, the result as to the question of renewal is same.   He was not, under the evidence, entitled to it in either character.

Lastly, *Stanby* not having shown in himself any right of renewal for one year, stood on the 14th May, 1845, in the position of an ordinary tenant.   The tacit reconduction which arose from his holding over subseqently to the 1st May, 1845, was a reconduction for the current month, at the previous monthly rate of rent, subject to the landlord's right to put an end to the lease, by giving the notice of fifteen days prescribed by our Code.   See *Bowles* v. *Lyon*, 6 Robinson, 264, in which doctrine of tacit reconduction is carefully considered.

This notice the plaintiffs gave in due season.   The holding over by defendant after the first June, 1845, was, consequently, unlawful.

*Judgment affirmed.*