MARGARET HAUGHERY *v.* JOHN M. LEE,

Where there is no fixed price for a lease, or it be left to the award of a third person, unnamed and determined, the agreement was an essential ingredient to make it a legal contract.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J. *Durant & Hornor* and *W. B. Lancaster* for plaintiff and appellant.

*Fellows & Mills for defendant.*—In a contract of lease, three things are absolutely necessary, to wit : The thing, the *price,* and the consent. C. C. 2640. And, by C. C., Art, 2639, the price must be *fixed.* Art. 2641. The price should be certain and determinate, and, if left to a third person named and determined * * * if he cannot or will not do it, there is no hiring. The contract would be null, if the price were left to be fixed by a person *not designated.* C. C. 2642.

In the case at bar, no price was agreed upon, no person was designated; and, as alleged in the petition, and an understanding that defendant should pay a reasonable rent, as the Judge, in the first instance says, "implies that it should be fixed by a person not designated."

For these reasons, and the fact that the affidavit does not set forth that the sum claimed is for rent, must sustain the rule. See 12 La. 490. 11 Rob. 280, and cases there cited. 7 An. 654.

LABAUVE, J.—This case involves a pure question of law, which must be examined and decided upon the face of the papers.

The plaintiff, after having alleged the indebtedness of the defendant to her, in the sum of $820, states, as the consideration of the debt, "that said Lee, on or about the 20th day of October, 1859, went into possession of a residence, situated on Seventh street, between Nayades and Prytania streets, in the Fourth District of this city, and belonging to petitioner, on an understanding with petitioner that he should *pay her a reasonable rent* for said premises."

At the same time, she prayed and obtained upon her affidavit a provisional seizure against the furniture and effects of the defendant, as in a case of lease.

The defendant, on motion, obtained a rule upon the plaintiff to show cause, on the 10th of January 1861, at 10 o'clock, A. M., why the writ of provisional seizure herein issued, should not be set aside, on the grounds :

1. That the affidavit, upon which the said writ was issued, does not show that the amount claimed is for rent of the premises described in the petition.

2. It does not show that there was any lease of said premises to defendant.

3. That the claim, as set forth in the petition, is based upon the mere occupancy by defendant, of the premises, which does not give rise to such relations between the parties as to authorize a provisional seizure.

A fourth ground to the insufficiency of the affidavit, which it is unnecessary to notice.

The District Judge made the rule absolute, and set aside the provisional seizure, with costs. The plaintiff appealed from that judgment.

This rule is in the nature of a motion made on the face of the papers, thereby taking for true the allegations, for the purpose of trying the rule.

The question is, then, whether or not the understanding to pay a *reasonable rent* is a *fixed price*, a price *certain* and *determinate*. C. C. Arts. 2639–2641. We think there was no *price fixed* by the parties, as contemplated by law, nor was the price left to a third person named and determined. C. C. Art. 2642. If anything, it was left to be fixed by a person not designated, to persons called as witnesses in the suit to say what was a reasonable price; and then there might have been as many different prices as there were witnesses; therefore, there being no price fixed by the parties, or left to the award of a third person named and determined, the agreement wanted an essential ingredient to constitute a contract of lease. C. C. Art. 2640.

It is therefore adjudged and decreed that the judgment of the lower Court be affirmed, with costs.

HOWELL, J., being the Judge who decided the case below, took no part in this decision.

JONES, J., absent.