# Haines *v.* Elfman, Appellant.

*Landlord and tenant—Lease—Principal and agent—Notice of termination—Attornment—Amendment—Parties.*

1. Where an agent for a brother and two sisters executes a lease in his own name, and subsequently the tenant attorns to the brother acting for himself and his sisters, a notice to quit given by the agent, but not acted upon either by the tenant or the owners of the property does not terminate the tenancy.

2. Where in such a case the brother causes a judgment to be entered up in his own name against the tenant under a warrant of attorney in the lease, the record may be subsequently amended by substituting the name of the agent as plaintiff to the use of the three owners.

3. A modification of a contract of letting in the single particular of the amount of rent to be paid may be made without varying the other conditions contained in the lease; such a change is not of necessity, either in law or in fact, an abandonment by either party of any of his other rights under the contract as drawn.

4. The law does not regard the fractions of a day. A lease for a year beginning on the first day of April expires on the thirty first day of the following March.

*Judgment—Opening judgment—Practice, C. P.*

5. On a rule to open judgment it is good practice for the parties to submit requests for definite findings of fact and conclusions of law, or for the court to state such findings and conclusions of its own accord.

Argued Jan. 17, 1912.    Appeal, No. 281, Jan. T., 1911, by defendant from order of C. P. No. 4, Phila. Co., June T., 1911, No. 4047, discharging rule to open judgment in case of William J. Haines, Agent, to the use of Elizabeth C. Gillespie et al. v. Hyman Elfman.    Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.    Affirmed.

Rule to open judgment.

Rule to amend record.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned,* were in making absolute the rule to amend the record and in discharging rule to open judgment.

*A. S. Ashbridge, Jr.,* for appellant.—The judgment should have been opened:  Penna. Co. for Ins. on Lives & Granting Annuities v. Shanahan; 10 Pa. Super. Ct. 267; Breden v. Gilliland, 67 Pa. 34; O'Hara v. Baum, 82 Pa. 416; Dikeman v. Butterfield, 135 Pa. 236; Phila. v. Jenkins, 162 Pa. 451; North v. Yorke, 174 Pa. 349; Stevenson v. Virtue, 13 Pa. Super. Ct. 103; Sweigart v. Conrad, 12 Pa. Super. Ct. 108; Swartz v. Morgan, 163 Pa. 195.

If the original lease was in force the original lessor only could have given the notice, and he did not:  Holt v. Martin, Agent, 51 Pa. 499.

For authorities that we could not contest our landlord's title, and one of the owners cannot step in as landlord by simply collecting rent, see Holt v. Martin, 51 Pa. 499; Bedford v. Kelly, 61 Pa. 491; Seyfert v. Bean, 83 Pa. 450.

The current term that Elfman held under at the time of the service of that notice, assuming the lease to be in force, would have been the 30th of June, 1911.    He was

not bound to move from the premises on the 31st of July, 1911, even if that lease was in force and the notice was perfectly legal; he had a right to move on the 1st of August, 1911: Duffy v. Ogden, 64 Pa. 240; Stewart v. Jackson, 181 Pa. 549.

*Boyd Lee Spahr,* for appellee, cited as to the allowance of the amendment of the party plaintiff: Kaylor v. Shaffner, 24 Pa. 489; Walthour v. Spangler, 31 Pa. 523; Power v. Grogan, 232 Pa. 387; Booth v. Dorsey, 202 Pa. 381; Gilmer v. DeCaro, 13 Pa. D. R. 173.

Cited as to the discharge of the rule to open the judgment: Kaier v. O'Brien, 202 Pa. 153; Cruzan v. Hutchison, 210 Pa. 88; Ellis v. Ambler, 11 Pa. Super. Ct. 406; Taylor v. Winters, 6 Phila. 126; Fidelity Trust Co. v. Lee, 38 Pa. Super. Ct. 330.

OPINION BY MR. JUSTICE MOSCHZISKER, March 18, 1912:

On August 1, 1911, George Cuthbert Gillespie caused a confessed judgment in an amicable action of ejectment to be entered against the defendant, Hyman Elfman. Thereupon Elfman filed a petition averring that the written lease upon which the action rested had been annulled and superseded by an oral letting for the term of three years at an increased rental; and rules to open and to strike off the judgment were allowed upon this petition. The plaintiff filed an answer in which he denied that the written lease had been annulled or that any new contract had been substituted therefor, and averred that Elfman had regularly paid his monthly instalments of rent to him, Gillespie, as landlord under the original lease. Subsequently a petition was filed by Elizabeth C. Gillespie, Anna G. Boyd and George Cuthbert Gillespie, averring that they were the owners of the premises in question; that while the original lease had been executed in the name of William G. Haines, Agent, the latter acted as agent for George Cuthbert Gillespie who was then acting

as their representative in the management of the property, and praying for a rule to amend the record by substituting Haines as plaintiff to their use. The defendant filed an answer denying the right to amend, in which he averred practically the same facts as were at issue in the proceedings to open or strike off the judgment. October 23, 1911, the court allowed the amendment and refused to open or strike off the judgment. The defendant has appealed and assigns for error the action of the court in making absolute the rule taken by the plaintiff and discharging the rules entered by the defendant.

From the record as presented it appears that on January 31, 1910, William J. Haines, Agent, without expressly disclosing his principals, leased the premises 601-3 Market street to the defendant for one month from February 1, 1910, at a rental of $300 payable in advance on the first day of "each and every month during said term or any renewal thereof;" that the lease provided, inter alia, that either party could determine the term or any renewal thereof upon five days' written notice prior to the expiration of any month; that the defendant entered into possession under this lease and paid his rent to Haines for the months of February and March, 1910; that on April 1, 1910, George Cuthbert Gillespie collected the $300 rent and gave a receipt for the same, as he did in the month of May; that May 23, 1910, Gillespie called on the defendant, in his own behalf and as agent in fact for his sisters, and notified Elfman that he would have to pay more rent if he desired to remain in possession of the premises; that thereafter the defendant paid rent at the rate of $350 per month, drawing his checks directly to Mr. Gillespie; that on June 6, 1910, Haines, Agent, served a formal notice upon Elfman to quit on June 30, 1911.

The defendant claims that Gillespie expressly agreed in consideration of the increased rental to lease the entire premises to him for three years; Gillespie denies this and claims that there was no change in the written lease

excepting as to the amount of the rental. This is the principal issue between the parties. No request for definite findings of fact or conclusions of law were made to the court below and no opinion was filed; hence, in reviewing this record, on every issue between the parties where sufficient proof appears to support the position taken below in favor of the appellee, we must take it that the court found and concluded accordingly. This being assumed, there is sufficient upon the record to justify the following findings and conclusions,—that in making the lease Haines merely acted as agent for Mr. Gillespie who had charge of the property for himself and his two sisters; that this knowledge was brought home to Elfman and he attorned to Gillespie as landlord under the lease; that the notice to quit dated June 6, 1910, was not acted upon by either tenant or landlord and did not terminate the lease, and that Gillespie never declared that it was intended so to do; and that it was understood between the parties at the time of the increase of the rent that the lease should only be affected to that extent, and not superseded by a new term of three years or any other period.

A modification of a contract of letting in the single particular of the amount of rent to be paid, may be made without varying the other conditions contained in the lease; such a change is not of necessity, either in law or in fact, an abandonment by either party of any of his other rights under the contract as drawn. Of course the parties may at the time agree upon a change in the term, as the appellant claims was done in this case, but the court has found against him on that contention, and after a review of the entire record we see no sufficient grounds to change the finding. While the final notice to quit was not signed by Haines, the agent named in the lease, it was given by Gillespie, to whom the defendant had attorned and of whose rights he was fully informed; under the circumstances this was sufficient. We do not see any merit in the contention that the notice should have been

to quit on the first day of August rather than on the thirty-first day of July. 'The law does not regard the fractions of a day. Leases beginning on the first day of April expire on the thirty-first day of March:" Duffy v. Ogden, 64 Pa. 240; Cascade v. Lewis, 148 Pa. 333, 338. Nor are we impressed with the contention that, in law, the notice of June 6, 1910, terminated the old lease. Such a notice would not of itself destroy the lease unless it was acted upon: Fidelity Trust Co. v. Lee, 38 Pa. Super. Ct. 330. The authorities cited by the appellant on the rule that a tenant cannot contest his landlord's title have no application to the present case.

All of the issues of fact raised on the rule to amend were involved in the proceedings to open and strike off the judgment, and could properly be treated as adjudicated. The amendment introduced no new cause of action, and it was within the provisions of the Act of May 4, 1852, P. L. 574: Kaylor v. Shaffner, 24 Pa. 489; Walthour v. Spangler, 31 Pa. 523; Booth v. Dorsey, 202 Pa. 381, 385; Power v. Grogan, 232 Pa. 387, 397. By the course pursued all possible parties in interest were brought upon the record, and, whether or not the amendment was necessary, we conclude that the court below fell into no reversible error in allowing it.

Had the defendant submitted requests for definite findings of fact and conclusions of law it would have been the duty of the court below to answer them, or the court could have stated such findings and conclusions of its own accord. If this course had been pusued it would have greatly simplified and facilitated our labors on review, and we strongly recommend it as good practice in future proceedings to open judgments.

The assignments are overruled and the judgment is affirmed.