**KIDD, for Use and Benefit of KIDD, v. TERREL.**

No. 4360.

Court of Appeal of Louisiana. Second Circuit.

Dec. 16, 1932.

Scarborough & Barham, of Ruston, for appellant.

C. A. Barnett and A. K. Goff, Jr., both of Ruston, for appellee.

PALMER, J.

Plaintiff sues to recover damages in an action ex delicto, covering losses he alleges he sustained by virtue of defendant depriving him of the right to enforce his lessor's lien on certain movable property by wrongfully purchasing said property in satisfaction of a debt due him, secured by chattel mortgage, and removing the same from the leased premises. The total amount of damages claimed is $237.

On the 17th of March, 1928, J. I. Kidd leased to Tom Taylor for a term of three years, that is, from January 1, 1928, to January 1, 1931, one-half of a building Kidd owned in the town of Ruston at a monthly rental of $40. The lessee used the leased premises for a café and restaurant. After the lease expired on January 1, 1931, Taylor appears to have continued to occupy the premises, and, presumably, the old lease was, for a while, reconducted from month to month; however, later, a new agreement was reached whereby the amount of the rental was reduced from $40 per month to $35 per month.

Taylor became indebted unto Charles A. Terrel, the defendant in this case, and secured the indebtedness with a chattel mortgage on the fixtures situated in this restaurant. The date of that chattel mortgage is not established in this record. Taylor became delinquent on his rent payments in the amount of $175, and about September 9, 1931, plaintiff demanded of him the full payment, or else legal action would be taken. Taylor asked for a few days of grace, which plaintiff's attorneys granted, and in the meantime, to wit, September 16, 1931, he transferred to the defendant, by written bill of sale, all of the fixtures, furniture, and equipment of every kind whatsoever, situated in his said café, which transfer was in satisfaction of the said chattel mortgage previously executed by Taylor to Terrel, covering this property. Very early the next morning, after his purchase of the property, defendant removed it from the leased premises of plaintiff.

Plaintiff then instituted suit against Taylor and provisionally seized the property in question. Defendant, Terrel, intervened, and claimed the ownership of it under his purchase. On the trial of that case, plaintiff was awarded judgment against Taylor in the amount of $175, representing the sum due as rent, but the writ of provisional seizure was dissolved, and defendant, as intervener, was decreed to be the owner of the property under his said purchase. The judgment was conceded to be correct, as no appeal was taken from it. In fact, there can be no doubt as to the correctness of it, since, under Civil Code, article 2709, the exercise of the right of the lessor to enforce his lien against the movable property situated in the leased premises must be performed before the lessee takes the property away or within 15 days thereafter, provided the property continues to be that of the lessee and can be identified.

In this suit, plaintiff is seeking to recover of defendant the rent Taylor owed him, amounting to $175, plus an additional sum of $62 to cover an outlay of costs he incurred in the said previous suit. As a basis for his claim, he alleges, in substance, that, while defendant had a chattel mortgage on this property, yet he (plaintiff) had a lessor's lien thereon which primed it, and that, when defendant purchased that property and removed it from the leased premises, he thereby became guilty of a wrongful act which, combined with the wrongful act of Taylor, in connection with the same transaction, amounted to a conspiracy between them that defeated his lessor's lien on this property, as well as prevented him from collecting his rent, and, in addition, caused him to expend the said amount of costs in the previous suit.

Defendant excepted to plaintiff's petition on the grounds of no cause of action, and also tendered a plea of res judicata. Both of these exceptions or pleas were overruled by the lower court. Thereupon defendant answered, and his allegations may be summarized as follows: He admits that he held a chattel mortgage on the property in question; that he purchased it in payment of his mortgage debt. He avers that there are no contractual relations between him and plaintiff; that he had a just claim against Taylor and had a perfect right to acquire this property in settlement of his chattel mortgage debt; that plaintiff had his right of protecting himself as lessor, and, if he failed to do so, it was no fault of defendant. He denied that he conspired with Taylor to defeat plaintiff's claims, and denied any responsibility for the balance due plaintiff by Taylor as rent, or for the item of costs plaintiff incurred in the previous suit. Defendant reconvened and asked for judgment against plaintiff in the sum of $75 for damages he alleges he sustained by virtue of plaintiff's illegal seizure of defendant's property in the previous suit.

There was judgment for defendant rejecting plaintiff's demands, but no mention is made of defendant's reconventional demands; however, it will be implied that they were rejected. From that judgment plaintiff prosecutes this appeal, and defendant has answered the appeal, asking for judgment on his reconventional demand, as prayed for.

The answer to the appeal does not ask that defendant's exception of no cause of action and his plea of res judicata be sustained, without which this court can take no notice of them, since the judgment of the lower court overruled them.

## Opinion.

The theory of plaintiff is that he held a lessor's lien on the property in question; that since Tom Taylor, his lessee, is insolvent, he could only collect his rent by seizing and selling this property, but that he was defeated in his exercise of that right because defendant, conspiring with said Taylor, purchased the property in settlement of a chattel mortgage he held on it, notwithstanding he knew Taylor was insolvent and knew plaintiff had a lessor's lien on the property superior in rank to defendant's chattel mortgage; that such constituted a wrongful act on the part of defendant, rendering him liable to plaintiff, not only for the balance of his rent he had thus lost, but also for the costs he expended in his suit against Taylor in his efforts to collect.

The theory of defendant is that his act of purchasing this property in settlement of his chattel mortgage was not wrongful, since his privilege under his mortgage primed that of plaintiff as lessor, and that he had a perfect right to purchase the property in settlement of his debt against Taylor.

It is the law that a party who buys from his mortgage debtor the movable property covered by the chattel mortgage, in satisfaction of that debt, and on which property the lessor of the mortgage debtor has a prior lessor's lien, commits a wrongful act against the rights of the lessor, for which the lessor can hold him responsible in damages. Our courts have frequently announced this doctrine, and in the case of Hyman v. Hibernia Bank & Trust Company et al., 139 La. 411, 71 So. 598, and again in the same case—that is, by the same plaintiff against the same defendants—reported in 144 La. 1074, 81 So. 718, this principle is thoroughly reviewed and reaffirmed. Under this doctrine, regardless of the intentions of the mortgage creditor to only diligently act in collecting his debt, if the lessor's privilege primes his privilege, his act, with that of the mortgage debtor, constitutes a legal fraud against the right of the lessor, for which they must respond in damages, if the lessor suffers any thereby.

But for plaintiff in this case to recover damages in the amount of his alleged losses, or in any other sum, it was incumbent on him to show that his lessor's lien and privilege primed the defendant's privilege arising from his chattel mortgage.

Section 4 of Act No. 198 of 1918 (Chattel Mortgage Law) reads, "that every mortgage shall be a lien on the property mortgaged from the time same is filed for recordation, which filing shall be notice to all parties of the existence of such mortgage and said lien shall be superior in rank to any privilege or lien arising subsequently thereto."

In the case of Youree et al. v. Limerick (Papas, Intervener) 157 La. 39, 101 So. 864, 37 A. L. R. 394, in considering this question, the court held that this section of the Chattel Mortgage Law means just what it says. In other words, in that case, the prior right of a lessor over the right of a chattel mortgage creditor is made dependent upon the fact that the lease contract is dated prior to the chattel mortgage. If it arose subsequent to the chattel mortgage, then the chattel mortgage lien takes precedence over it.

In construing the relative ranks of the privileges in favor of a lessor and of a chattel mortgage creditor, the court, in Comegys v. Shreveport Kandy Kitchen (Martel, Intervener), 162 La. 103, 110 So. 104, 52 A. L. R. 931, held, in effect, that, when the lessee executes a chattel mortgage on fixtures situated in the leased premises prior to the expiration of the lease, that is, for a term of years, but continues in possession after the expiration, paying the rent monthly, without any new agreement, the lessor's lien for rent which accrues after the expiration of the original term primes the mortgage, because the original lease is continued by tacit reconduction, as provided for in Civil Code, article 2689.

As the facts in this case show, plaintiff had a three-year written lease with Taylor, on which the movable property in question was located, and, after that lease expired, Taylor continued to occupy the premises. Unless there was some new agreement, the old lease would naturally be considered as continued by tacit reconduction, and, if defendant's chattel mortgage was executed during the life of that lease or after its reconduction, his lien as lessor would prime that of the defendant as chattel mortgage creditor. But the record shows that, some time after the written lease had expired, a new agreement was made, whereby the price of the monthly rental was reduced from $40 to $35. If the old lease was continued by tacit reconduction, it certainly terminated when the new agreement was made, whereby the monthly rental was reduced from $40 to $35.

It is therefore important to a decision in this case to determine the date of defendant's chattel mortgage, and, since plaintiff can only recover if his lessor's lien primes the defendant's chattel mortgage, the burden rested upon him to show that the lease was in effect when defendant secured his chattel mortgage. If he has shown that, either during the period the written lease was in existence or within the period when it was being continued by tacit reconduction, then clearly his lessor's lien primes that of the chattel mortgage

creditor. On the other hand, if the chattel mortgage was executed before the new agreement was made, whereby the rent was reduced from $40 to $35 per month, then it would take precedence over plaintiff's lessor's lien for the rents accruing thereafter.

Plaintiff failed to prove the date of defendant's chattel mortgage. It is true the entire record of plaintiff against Taylor was introduced by plaintiff in this case, and it is true in that case the intervener, who is the defendant in this case, introduced, by reference, the chattel mortgage, yet the record does not show that a copy of the chattel mortgage was actually filed. Therefore there is nothing in this record, nor in the old record, to show the date of defendant's chattel mortgage. Plaintiff carried that burden in order to show the priority of his lien over that of the defendant. Having failed to do so, his claim was not proved.

We are therefore of the opinion that the judgment of the lower court is correct, and it is accordingly affirmed; plaintiff to pay all costs of appeal.

DREW, J., concurs.