**PARKER v. SUTTON.**

No. 5944.

Court of Appeal of Louisiana.
Second Circuit.

April 28, 1939.

H. H. Russell, of Monroe, for appellant.

Joseph S. Guerriero, of Monroe, for appellee.

TALIAFERRO, Judge.

Plaintiff owned a vacant lot in the City of Monroe, Louisiana, and was importuned by defendant to erect thereon a building suited to the conduct of a grocery business therein. After brief negotiations, plaintiff agreed to erect the building and to lease it

to defendant when completed, at the monthly rental of $30, and defendant obligated himself to pay this rental. The building was promptly completed and defendant put therein some fixtures needful to the operation of a grocery store. He encountered financial difficulty when he sought to raise the funds necessary to install a stock of groceries, and for this reason refused to proceed further with the contract. He refused to accept the keys to the building when offered to him on May 21, 1938. Prior to defendant's decision to recede from the agreement, plaintiff declined an offer to lease the building to another person on terms more favorable to him than defendant was obligated to perform. Defendant's breach of the agreement left plaintiff without a tenant.

Plaintiff seeks by this suit to recover judgment for $210 rent alleged to be due him for the last seven months of the year 1938.

Defendant denies that the building was constructed satisfactorily to him and denies that he leased it or agreed to do so as alleged.

█ The lower court awarded judgment to plaintiff for $30, or one month's rental. Defendant appealed. Plaintiff has not answered the appeal and for this reason, if for no other, no increase in the judgment may be allowed, although asked for in counsel's brief.

█ Here, appellant argues that the negotiations between himself and appellee, prior to the completion of the building, did not ripen into a completed contract of lease because no term for the duration of the lease was fixed. The omission of a term does not strike an otherwise valid contract of lease of urban property with nullity. Article 2685 of the Civil Code takes care of a situation of this sort. It reads: "If the renting of a house or other edifice, or an apartment, has been made without fixing its duration, the lease shall be considered to have been made by the month." Remedial Loan Society v. Solis & Trepagnier, 1 La.App. 164; Comegys v. Shreveport Kandy Kitchen, 162 La. 103, 110 So. 104, 52 A.L.R. 931.

█ Since there was no term for the life of the contract, under the above quoted article of the Code, it was by the month. Had defendant occupied the building for only one month he would have been at liberty to recede from the lease agreement and vacate the building, without any danger of incurring further liability to appellee, simply by the giving of timely notice of his intention to so do. Civil Code, article 2686, as amended by Act 9 of 1924. This being true, the measure of his liability to plaintiff is the amount of rent he was due to pay for the time he was legally bound to occupy the building.

█ Appellant also argues that since it developed on the trial that another person was interested with him in the contemplated lease and occupancy of the building, superinducing a partnership relation, that he alone should not be condemned in judgment to plaintiff. There is no merit in this position for several reasons. Such a contention was not set up in the answer, and in addition, plaintiff dealt with defendant solely throughout the negotiations culminating in the agreement sued on. It was upon the faith of these negotiations and the agreement, concurred in by both parties, that the building was erected.

We are of the opinion that the lower court correctly decided the case and for this reason the judgment appealed from is affirmed with costs.