No. 1775

Second Circuit

---

BERNHARDT v. SANDEL

---

(January 18, 1923, Opinion and Decree.)
(June 2, 1926, Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Landlord and Tenant —Par. 105, 106.**

The landlord's lien provided by Articles 2705, 2707 and 3218 of the Civil Code attaches to the property on the leased premises when the contract or lease becomes effective.

2. **Louisiana Digest—Landlord and Tenant —Par. 111; Chattel Mortgages—Par. 1, 4.**

Under Section 4 of the Chattel Mortgage Law, Act No. 198 of 1918, the chattel mortgage primes a landlord's lien becoming effective by the making of a new lease after the chattel mortgage was recorded even though the mortgaged property was not moved.

3. **Louisiana Digest—Chattel Mortgages— Par. 1, 4.**

The word "pledge" is included in the word lien as used in Section 4 of Act 198 of 1918 thus making a chattel mortgage a lien which shall be superior in rank to any privilege or lien arising subsequently thereto.

ON REHEARING

4. **Louisiana Digest—Landlord and Tenant —Par. 105.**

The landlord's lien is created by the lease of agreement between the landlord and tenant and not by the moving of immovable property into the premises.

5. **Louisiana Digest—Landlord and Tenant —Par. 111.**

The landlord's right of pledge, while giving the landlord the right of retention, does not advance the rank of his lien or prevent other creditors of the lessee from seizing and selling the property covered by the landlord's lien.

Appeal from the Parish of Ouachita, Hon. F. M. Odom, Judge.

Action by Pauline Bernhardt against Charles Sandel. G. E. McGraw third opponent. There was judgment maintaining the third opposition. Plaintiff appealed.

Judgment affirmed. On first rehearing former judgment reversed, but on second rehearing original judgment affirmed.

M. C. Redmond, of Monroe, attorney for plaintiff, appellant.

J. M. Munholland, of Monroe, attorney for defendant, appellee.

DAWKINS, J.    On the first day of January, 1920, plaintiff leased to Geo. E. McGraw, a building in the City of Monroe, to

cover a period of twelve months, commencing on the 1st day of January, 1920, and ending on the 31st day of December of that year. On the 16th of February, 1920, McGraw sold the lease he had so acquired to one Charles Sandel, together with a lot of household effects such as are used in conducting a boarding house, only part of the purchase price being paid in cash, and notes were given for the balance secured by vendor's lien and chattel mortgage on the goods sold to Sandel.

On January 1, 1921, Mrs. Bernhardt, the plaintiff, leased the building which she had leased to McGraw for the year 1920, to Charles Sandel, for a period of three years, beginning January 1, 1921, at a monthly rental of $150.00. Sandel having defaulted on the payment of the rent for the months of September, November and December, 1921, plaintiff brought this action to recover judgment for the rent then due on the lease and for such other sums that should fall due during the pendency of the action. She caused a writ of provisional seizure to issue, along with her demand, under which the furniture and other property in the leased building were seized. In her demand, she has averred the lessor's privilege on all the effects in the building existed in her favor, and stood as pledge for the payment of her privilege.

There was the usual prayer in her petition that her privilege be recognized, the writ sustained, and the proceeds from the sale of the seized property be paid to her by preference, and for judgment for the sums shown to be due her on the lease, and she also demanded that the lease be cancelled and annulled.

Judgment was rendered on plaintiff's demand by default, and the sheriff proceeded to sell the seized property; thereupon, Geo. McGraw filed a third opposition in the proceedings, in which he averred the sale by him to the defendant Sandel. In February, 1920, of all the property seized by the sheriff, and his debt, privilege and chattel mortgage thereon to the amount of $950.00, and praying that he be paid the amount of his said debt and lien from the proceeds resulting from the sale of the property, in preference and by priority over plaintiff.

Defendant Sandel made no defenses to either demand, and judgment was given against him in plaintiff's favor for the amount due on her claim up to the time of the judgment, with interest, and the rent contract was cancelled and annulled. Sometime thereafter, the court rendered judgment on the contest between plaintiff and intervenor. In this judgment, the court held that the lien and privilege on the proceeds of the property sold under third opponent's chattel mortgage was superior to the privilege claimed by plaintiff, and the sheriff was ordered to pay the proceeds to opponent in satisfaction of his said debt to the amount of $950.00. From the judgment, the plaintiff has appealed.

The case was submitted to the court on the following statement of facts:

"It is agreed that the goods sold by G. E. McGraw to Chas. B. Sandel were in the leased premises at the time of the sale and execution of the chattel mortgage from Sandel to McGraw. That the chattel mortgage was lawfully executed and recorded in the current chattel mortgage record at the time of its execution.

"That all rent due by G. E. McGraw on his lease contract to Mrs. Bernhardt was assumed and paid by Mr. Sandel.

"That at the expiration of the McGraw contract of lease, a new contract of lease was made between Mrs. Bernhardt and Mr. Sandel, and the provisional seizure was sued out on this lease contract.

"That the seized property has never been off the leased premises up to the time of the provisional seizure.

"'That Mr. Sandel owes Mrs. Bernhardt the amount of rent sued for.

"That Mr. Sandel owes Mr. McGraw the amount claimed in his opposition.

"That the chattel mortgage property sold for $445.00 which fund is claimed by G. E. McGraw.

"That other seized property sold for $75.00, upon which G. E. McGraw makes no claim."

----

The issue presented in this case is the same as claimed in the case of Frank Betts & Son vs. Adam Clark; Walker Bros., third opponents, recently before this court, and No. 1510 on the docket thereof. In that case, the court said:

"The legal question presented in this case, is, which of the litigants is entitled to receive the proceeds arising from the sale of the mortgaged property. It would seem that the statute (Act 198 of 1918) creating chattel mortgages, leaves no doubt as to who should receive the proceeds. Section 4 of said Act reads as follows:

" 'Be it further enacted, etc., that every mortgage shall be a lien on the property mortgaged from the time same is filed for recording, which filing shall be notice to all parties of the existence of said mortgage, and said lien shall be superior in rank to any privilege or lien arising subsequently thereto."

"Plaintiff's mortgage was executed and recorded before opponent's privilege came into existence, and if the language of the statute is to be accepted as meaning what it states, there can be no doubt of the superiority of plaintiff's privilege. But opponents contend (and the same contention is urged in the present case) that under Articles 2705, 2707, and 3218, they have the superior privilege. We quote these articles:

Art. 2705: " 'The lessor has, for the payment of his rent and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased.'

Art. 2707: " 'This right of pledge effects not only movables of the lessee and under-lessee, but also those belonging to third persons, when their goods are contained in the house or store, by their own consent, express or implied.'

Art. 2318. 'The right which the lessor has over the products of the estate and on the movables which are found on the place leased, for his rent, is of a higher nature than a mere privilege. The latter is only enforced on the price arising from the sale of movables to which it applies. It does not enable the creditor to take or keep the effects themselves specially. The lessor, on the contrary, may take the effects themselves, and retain them until he is paid.'

"Opponents urge that since under these articles the right of pledge which is given to the lessor is of a higher nature than a mere privilege, it must be seen that Section 4 of Act 198 of 1918, does not rise higher in its effect than a mere privilege or lien, and cannot outrank a right of pledge, which is higher than a mere privilege or lien. We take it that the word pledge is included in the word lien, as used in Section 4 of Act 198. The language of this Section is that the lien created by the mortgage 'shall be superior in rank to any privilege or lien arising subsequently thereto'."

We do not know if the word lien has ever been defined by the courts of this state. Evidently, the word has a broader meaning than the words, privilege, mortgage or lease, for we speak of the vendor's lien, the lien of the furnisher of supplies, the lessor's lien, mortgage lien, and even the lien of the pledge. Thus designating privileges, mortgages and pledges.

Webster defines a lien as a "legal claim; a charge upon real or personal property for the satisfaction of some debt or duty; a right in one to control or hold and retain the property of another until some claim of the former is paid or satisfied."

In Bouvier's Law Dictionary, the word is defined as: "a hold or claim which

one person has on the property of another as a security for some debt or charge. The right which one person possesses in certain cases of retaining property placed in his possession belonging to another, until some demand which the former has is satisfied."

The American and English Encyclopedia of Law, 2nd Ed., vol. 19, says:

"A lien at common law is a right in one man to retain that which is in his possession belonging to another until certain demands of him—the person in possession—are satisfied."

Each of these definitions of the word lien includes the definition of pledge as defined in the Article of our Code. Article 3133 declares that a pledge is a contract by which a debtor gives something to his creditor as a security for his debt. 43 A. 1038.

We are of the opinion that the Legislature, in the enactment of Act 198 of 1918, designed to make all claims on chattels inferior to the holder of a chattel mortgage where such claims arise subsequently to the execution and recordation of such chattel mortgage.

The foregoing views cover the situation in the case before us, and in accordance with the conclusion reached there, we are of the opinion that the judgment appealed from is correct and it is hereby affirmed.

———

CROW, J. This action involves a contest between plaintiff (in the original suit) and third opponent, over the proceeds of the sale of some personal property. Plaintiff contends that her lessor's lien and privilege on said property and the proceeds of the sale thereof outranks third opponent's chattel mortgage.

The original lease of the property on which the mortgaged personal property was located was between plaintiff and third opponent, George E. McGraw; but before the expiration of the lease, defendant, Charles Sandel, took over the lease, which was to expire on December 31, 1920, and then continued on the premises aforesaid, and, in January, 1921, re-leased the property for a period of three years, from January 1, 1921. Third opponent's chattel mortgage was made and recorded before the new contract of lease was made with Sandel but after the first lease contract, which Sandel took over, was made with McGraw, and after McGraw had moved on the leased premises and placed the personal property aforesaid on said leased premises.

The following statement of facts were agreed upon and is found in the record, to-wit:

"It is agreed that the goods sold by G. E. McGraw to Chas. B. Sandel were in the leased premises at the time of the sale and execution of the chattel mortgage from Sandel to McGraw.

"That the chattel mortgage was lawfully executed and recorded in the current chattel mortgage record at the time of its execution.

"That all rent due by G. E. McGraw on his lease contract to Mrs. Bernhardt was assumed and paid by Mr. Sandel.

"That at the expiration of the McGraw contract of lease a new contract of lease was made between Mrs. Bernhardt and Mr. Sandel and the provisional seizure was sued out on this lease contract.

"That the seized property has never been

off the leased premises up to the time of the provisional seizure.

"That Mr. Sandel owes Mrs. Bernhardt the amount of rent sued for.

"That Mr. Sandel owes Mr. McGraw the amount claimed in his opposition.

"That the chattel mortgage property sold for $445.00, which fund is claimed by G. E. McGraw.

"That other seized property sold for $75.00, upon which G. E. McGraw makes no claim."

There had been a conflict of jurisprudence between this court and that for the First Circuit of this state, until the Supreme Court decided, on writ of review to this court, the recent case of Youree, et al., vs. Limerick, et al., 157 La. 39, 101 So. 854, wherein the holding of this court that a prior recorded chattel mortgage takes precedence of a lessor's privilege on the mortgaged property, was upheld. However, in that case, the Supreme Court said:

"The lessor's lien is purely statutory. See Revised Civil Code, Articles 2705, 2708 and 3218. It is the uniform rule that the lessor's statutory lien attaches to chattels as soon as they are brought on the leased premises and that said lien is in no wise dependent upon the maturity of the rent. Cyc. vol. 24, page 1250 (v) and authorities there cited.

"The statutory lien of a landlord for rent attaches at the beginning of the tenancy, or when the chattels are brought upon the premises. * * * Such lien does not depend upon a levy and exists independently of the institution of any proceeding for its enforcement. The remedy by levy, distress or attachment, when available, is simply to enforce a lien already existing. R. C. L., vol. 16, Sec. 503, p. 988, and authorities cited

"The record establishes, and the foregoing excerpt from the opinion of the Court of Appeal shows, that the property covered by the chattel mortgage was in the leased premises at the time of the execution of said mortgage  The lessor's lien and privilege therefore had attached and was in existence when the chattel mortgage was given to the intervenor and third opponent.   In this situation plaintiff's claim outranked that of the intervenor and third opponent.   Sec. 4 of Act 198 of 1918; R. C. L., vol. 16, sec. 504, page 988."

The facts in the case at bar are practically identical with those in the Youree-Limerick case, with regard to question here involved.  The goods or chattels were on the leased premises before and at the time of the execution and recordation of third opponents' chattel mortgage.  Under the ruling of the case cited, supra, we must hold that plaintiff's lessor's privilege is superior in rank to that arising from third opponent's chattel mortgage.  However, since an application is, we understand, pending before the Supreme Court in the Youree-Limerick case, it is pretty certain that an application for a rehearing will be filed in this case, and, if the Supreme Court finally reverses its former ruling in the Youree-Limerick case, we shall, of course, grant a rehearing in this case.

For the reasons assigned, it is ordered, adjudged and decreed that our former decree entered herein be, and it is, set aside and reversed; and it is now ordered, adjudged and decreed that the demands of third opponent for preference on the proceeds of the sale of the property herein involved, be, and are denied; and it is further ordered that plaintiff's privileges as lessor be recognized and it is held to outrank the privilege or lien arising from third opponent's chattel mortgage.  Third opponent is to pay costs of third opposition, reserving to parties in interest the right to apply for a second rehearing.

PORTER, J., not having heard the argument, takes no part.