FEDERAL RESERVE BANK OF CHICAGO, Appellee, v. J. L. WYLIE, Appellant.

NOVEMBER 13, 1928.

REHEARING DENIED FEBRUARY 15, 1929.

*Rayburn & Rayburn*, for appellant.

*Charles L. Powell, W. B. Sloan, G. C. Rinehart,* and *Bechly, McNeil & Scovel,* for appellee.

ALBERT, J.—Certain parties by the name of Hadley at one time owned a tract of land in Poweshiek County, on which J. L. Wylie, defendant herein, held a mortgage. This mortgage was  foreclosed, and the land purchased by Wylie, who then entered into a written contract with the Hadleys to lease this land to them. This lease also contained an exclusive option to the Hadleys to purchase the same on certain specified terms. This lease bore date of December 23, 1925; but while, in terms, it recited that the term of the lease was to commence with the date of the signing of the same, it also specifically provided that possession was not to be given to the Hadleys until March 1, 1926.

In November, 1925, the Hadleys purchased 72 head of feeding steers. The record shows that they (the Hadleys) were the owners of the rough feed on the Wylie land at the time this lease was signed. On or about January 1, 1926, they turned these feeding cattle into the cornfield on the Wylie land, and kept them there until a few days before March 1, 1926, when they were driven from this land, and, so far as the record shows, were never afterwards on the Wylie land.

One Marshall was a tenant on the Wylie land during 1925, and moved therefrom about two weeks before March 1, 1926. While the Hadleys had the Wylie land rented under the above lease, they never moved upon or occupied said land. One Newcomer had rented another tract of land, and by agreement between them, Newcomer moved onto the Wylie farm and farmed it during 1926, and the Hadleys moved onto the land that Newcomer had rented for the same period.

Minnie B. Hadley owned a tract of land in Jasper County, and she executed a lease to her son, Donald B. Hadley, for the renting of said land from March 1, 1926, to March 1, 1927, for the agreed rental of $1,311.70. This land was incumbered, and D. H. Thomas, as receiver of the Merchants National Bank of Grinnell, started foreclosure of the mortgage on this Jasper County land, and sought a receiver. To avoid a receivership, Minnie B. Hadley assigned to Thomas, as receiver, the aforesaid written lease and all rights thereunder, and Thomas, as receiver,

then transferred the same to the plaintiff, the Federal Reserve Bank of Chicago.

The cattle above referred to were taken to this Jasper County farm in December, 1926, where they were kept for feeding purposes until they were shipped to market, on February 10, 1927; and through arrangement between the Hadleys and Wylie, the proceeds of the same were turned over by the commission house in Chicago to Wylie. He applied a part thereof to the payment of the purchase-money chattel mortgage which was given on these cattle, and attempted to apply the balance on the rental due him from the Hadleys under the aforesaid lease, claiming that he had a landlord's lien thereon. This action is to recover from Donald B. Hadley the rental of $1,311.70 under the aforesaid lease. Judgment was entered against him accordingly, from which no appeal seems to have been taken.

The second relief sought was under the theory that Wylie had no landlord's lien on these cattle, and the plaintiff did have such a lien; or at least, that plaintiff's landlord's lien was superior to the rights of Wylie in the proceeds of these cattle; therefore, that Wylie held the proceeds, less the amount necessary to pay the chattel mortgage thereon, in trust; and that plaintiff is entitled to have from such proceeds the amount due it.

There is no contention whatever but that plaintiff, by virtue of being assignee under the lease on the Jasper County land,  was entitled to a landlord's lien on these cattle. The question is the determination of the interest, if any, of Wylie in these feeding cattle or the proceeds thereof.

As above noted, the Wylie-Hadley lease was a lease for a term of five years. It provides, among other things, that:

"The term of this lease shall begin with the execution of this contract and continue to March 1, 1931, * * * it being understood, however, that possession of said premises shall not be delivered until March 1, 1926."

It provided for a rental of $3,000 for the first year, plus the taxes, charges, assessments, and insurance against the premises; $2,000 for the second year; and $1,000 for each succeeding year. Later in the lease, it is provided:

"It is understood and agreed that during the time second

parties shall occupy said premises under this lease they shall have the exclusive option to purchase the same on the following terms and conditions: 'Twenty-nine thousand four hundred dollars shall be taken as the value of said premises on December 1, 1925.' "

It then provides for interest, and further provides that "all payments made on the rent under this lease shall be applied as partial payments."

If we assume now, without deciding, that Wylie did have a lease with the Hadleys for the Poweshiek County land, the question is, When, in law, did the "term" of the tenant commence?

Section 10261, Code of 1924, provides as follows:

"A landlord shall have a lien for his rent upon all crops grown upon the leased premises, and upon any other personal property of the tenant which has been used or kept thereon during the term * * * "

The question we have, therefore, is, Under this section of the statute, when did the "term" of Hadleys commence; or, in other words, were these cattle on the Wylie land during the "term" under the lease? It is true that the lease provides that the "term" shall commence on December 23, 1925. What is the force and effect of this provision, in view of the fact that the lease further provides that possession of the property shall not be given to the Wylies until March 1, 1926?

It is admitted that these cattle were taken upon this Wylie land in January, 1926, but they were removed before the first of March following. Were these cattle on the Wylie land during the "term," within the meaning of the above section of the statute? Under the terms of the lease itself, the Hadleys acquired no right to enter upon said premises, under the lease, prior to March 1, 1926; and in so far as the lease is concerned, if they were on the property prior to that time, they were not there by virtue of the terms of the lease, but were, in fact, trespassers. It is undisputed in the record that the Hadleys were the owners of the rough feed, cornstalks, etc., on the Wylie land at the time they turned their stock into the cornfield. If they were the owners thereof, they undoubtedly had the right to use this roughage in feeding these cattle without any reference whatever to the lease aforesaid between them and Wylie. It must be concluded, there-

fore, that the placing of these cattle on this farm for the purpose of feeding the roughage was not by virtue of this lease or any of its terms. In other words, the relation of landlord and tenant did not in fact exist between Wylie and the Hadleys at the time these feeding cattle were on the Wylie land; therefore, Wylie's claim that, by virtue of his landlord's lien, he was entitled to the proceeds of these cattle has no foundation in law, and the action of the district court in subjecting the proceeds thereof in his hands to the payment of plaintiff's judgment against Donald B. Hadley was right. Although some other questions are discussed, as we view this matter, this is the controlling question.—*Affirmed.*

STEVENS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.