HARDIE ET AL. v. WRIGHT ET AL.

(May 27, 1929. Opinion and Decree.)
(June 24, 1929. Rehearing Refused.)
(October 8, 1929. Writ of Certiorari and Review Refused by Supreme Court.)

Merrick, Schwarz, Guste, Barnett & Redmann, of New Orleans, attorneys for plaintiffs, appellees.

Dufour, Rosen & Kammer and Edith L. Dufour, of New Orleans, attorneys for defendants, appellants.

WESTERFIELD, J. This case involved the question of priority as between the lien of a chattel mortgagee and that of a lessor. The facts are not in dispute:

A Mrs. Mallon, some time prior to July 22, 1922, leased from the owner, the Community Realty Company, Inc., an appellee herein, a certain dwelling for a term ending September 30, 1922, and furnished and occupied the same as her residence. Mrs. Mallon, for one reason or another, concluded not to renew her lease at its ex-

piration, and on July 22, 1922, a Mrs. Hickox leased the property from the owner for a term of five years beginning October 1, 1922. On August 19, 1922, Mrs. Hickox bought from Mrs. Mallon the household furniture located in the leased premises, and was permitted to take possession of the furniture and occupy the property on September 4, 1922, or some 26 days prior to the beginning of the term of her contract of lease. On September 5, 1922, Mrs. Hickox executed a chattel mortgage in favor of Walter C. Wright and H. Generes Dufour, appellants herein, which was duly recorded on the same day. Mrs. Hickox remained in possession of the premises and paid her rent until September 1, 1924, when she defaulted in further payments.

Both the landlord and the mortgagee asserted a lien upon Mrs. Hickox's household furniture, which, under agreement of the interested parties, was sold, and the proceeds thereof, $905.34, deposited in the registry of the court, to await determination of the issue of priority raised by this litigation. Each claim exceeds in amount the sum deposited. The lower court was of opinion that the landlord's lien primed the chattel mortgage, and rendered judgment accordingly. The mortgagees have appealed.

The question presented is whether under the facts of this case the landlord or the mortgagees are entitled to the fund in the registry of the court. Under the Chattel Mortgage Act (No. 198 of 1918), a chattel mortgage becomes a lien on the property mortgaged from the time of its recordation, and "said lien shall be superior in rank to any privilege or lien arising subsequent thereto." Section 4.

It will be recalled that the chattel mortgage in this case was recorded September 5, 1922, at a time when the mortgagor, Mrs. Hickox, was in the leased premises by permission of Mrs. Mallon, who, at that time, was the lessee. Mrs. Hickox's lease of the premises did not begin to run until October 1, 1922, though she had signed the lease on July 22, 1922. The furniture, the proceeds of which are in dispute, had been in the leased premises, as had been stated, continuously, having been originally placed there by Mrs. Mallon, the tenant, whom Mrs. Hickox succeeded, and from whom she bought the furniture.

The issue narrows itself to the question of when the landlord's lien attaches. Is it at the time the agreement of lease was signed or at the time the term of the lease begins? If the former is true, the landlord must prevail, since the mortgage outranks only those liens arising subsequent to the recordation of this mortgage.

The following authorities are cited as supporting the landlord's position: Schall vs. Kinsella, 117 La. 687, 42 So. 221; Trager Co. vs. Cavaroc Co., Ltd., 123 La. 319, 48 So. 949; Youree vs. Limerick, 157 La. 39, 101 So. 864, 37 A. L. R. 394; Bernhardt vs. Sandel, 3 La. App. 139; and article 2705, Rev. Civ. Code, which provides that the lessor has a right of pledge on movable effects in the leased property as security for the payment of his rent. In none of the cited cases does it appear that the landlord claimed to have a lien before the beginning of the term of his lease, and they are therefore not apposite here. The quotation from Youree vs. Limerick, appearing in counsel's brief, to the effect that "the property covered by the chattel mortgage was in the leased premises at the time of the execution of the chattel mortgage; the lessor's lien, therefore, had attached and was in existence when the

chattel mortgage was given, * * * " would appear to be in point. But an examination of the facts in that case will show that the term of the lease had begun to run, and the relation of landlord and tenant established, before the execution of the chattel mortgage. The same might be said of the language used in Schall vs. Kinsella, which is also quoted, to the effect that "a privilege dates from the time of the creation of the lease, and not from the date of a particular month," which counsel construes to mean that the landlord's privilege "is a lien granted as of the date of the lease by the law itself."

The article of the Code relied on, giving the lessor the right of pledge on the movable effects of the lessee which are found on the leased premises, is not difficult of application, but is not helpful in the determination of this case, for the reason that we are chiefly concerned with the time of the beginning of the relationship of landlord and tenant, and not with the interpretation of the right of the landlord after the establishment of that relation.

Turning to a consideration of the authorities presented on behalf of the chattel mortgagee, we find no Louisiana case cited; counsel explaining that he has been unable to find any.

In Re Southern Hardware & Supply Co. (D. C.) 210 F. 381, a bankruptcy case, it was held that the landlord's lien did not attach to property in the leased premises before the beginning of the term of the lease. The facts in that case were these: A tenant was in possession of leased premises under a lease expiring October 31, 1913. On September 26, 1911, a contract for a new lease, beginning at the expiration of the old one, October 31, 1913, was entered into. Between September 26, 1911, and October 31, 1913, the tenant went into

bankruptcy. The court held that there was no lien under the lease beginning November 1, 1913, which would attach to the property on the leased premises. This case presents a close analogy to the case at bar. The other cases cited by counsel for appellant, viz: Upper Appomattox Co. vs. Hamilton, 83 Va. 319, 2 S. E. 195; Federal Reserve Bank vs. Wylie (Iowa) 221 N. W. 831, and Gasnik vs. Steffenson, 112 Iowa, 688, 84 N. W. 945, are also more or less in point. This is not a case of reconstruction as was considered in Comegys vs. Shreveport Kandy Kitchen, 162 La. 103, 110 So. 104, 52 A. L. R. 931. In fact, the lease to Mrs. Mallon, Mrs. Hickox's predecessor, is, under the agreed statement of facts in this case, expressly put out of view. Were it otherwise, there could be no reconstruction, for the simple reason that the lessees were different individuals. A chattel mortgage recorded prior to renewal of lease takes precedence over landlord's lien on movables in leased premises. Williams vs. Fed. Mch. Shop, 8 La. App. 281.

The existence of a landlord's lien presupposes a landlord and a tenant. To construe that this relation existed between the owner of the property and Mrs. Hickox when the mortgage was granted is to argue that the owner sustained this relation to two individuals at the same time with reference to the same property, for Mrs. Mallon's lease had not expired. Mrs. Hickox was certainly not a tenant of the owner. She was in the house by sufferance and could have been ejected at any time. The fact that she subsequently became a tenant could not have retroactive effect. It is true that when she granted the chattel mortgage she had contracted to occupy the place as a tenant, thus indicating her intention to create the relation of landlord and tenant. But the landlord's lien is not

created by intention, nor by contract, in the sense that the obligation and privilege of landlord and tenant cannot be created by convention in advance of the actual establishment of the relation. In other words, it is not competent for individuals to stipulate that a lease shall begin at some time in the future and the landlord's lien shall have effect immediately.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment herein in favor of Walter C. Wright and H. Generes Dufour, decreeing them to be entitled to the entire fund of $905.34, now on deposit in the registry of the civil district court, and all costs.