182 So. 715

In re RUSTON CREAMERY, Inc.

No. 34497.

June 27, 1938.

Truett L. Scarborough, of Ruston, for receivers appellants.

Lenora Fuller, of Ruston, for T. L. James & Co., Inc., appellant in part.

Dhu Thompson, of Monroe, for appellant R. B. Knott.

Barksdale, Warren & Barksdale, of Ruston, for Town of Ruston.

PONDER, Justice.

This is an appeal from a judgment homologating a final account.

The appellant, R. B. Knott, sought by opposition to the final account to have his

landlord's lien and privilege recognized over that of a holder of a chattel mortgage executed on the movable effects of their common debtor.

The facts pertinent to this decision are to the effect that R. B. Knott owned and operated a creamery in the town of Ruston consisting of a building, machinery and equipment up until August, 1927 at which time he sold the machinery and equipment to C. A. Tooke and J. E. Reynolds and leased the building to Tooke and Reynolds for a period of five years beginning August 1, 1927 at an annual rental of $1,500 payable monthly in advance. It appears that Tooke and Reynolds formed a corporation under the name Ruston Creamery, Incorporated, which took over the creamery and on February 8, 1932, approximately six months before the expiration of the term of the prior lease given by Knott to Tooke and Reynolds, the Ruston Creamery, Inc., leased the building from R. B. Knott for a period of five years to begin at the expiration of the prior lease or to begin August 1, 1932, at an annual rental of $1,200. At the time of the execution of the second lease the machinery and fixtures were in the building where they remained until they were sold by the receivers. The lease from R. B. Knott to the Ruston Creamery, Inc., was filed and recorded in the clerk and recorder's office on April 1, 1932. On April 27, 1932 the Ruston Creamery, Inc., executed ten chattel mortgage notes to its own order for $10,000 secured by a chattel mortgage on all the machinery and equipment in the building which was filed and recorded on that same date. On the same date, that is, April 27, 1932, the ten notes and chattel

mortgage were transferred to T. L. James and Company, Incorporated. The Ruston Creamery, Inc., operated until it was placed into the hands of receivers on January 10, 1934, after which date the receivers operated it as a going concern until February 8, 1936, at which time the receivers applied to sell the assets. After advertising, all the assets were sold by the receivers on March 21, 1936. On April 27, 1936 the receivers filed their final account showing that the receivers had in their possession for distribution $5,689.12. In this account T. L. James & Co., Inc., was listed to be paid by priority the sum of $5,213 and R. B. Knott was listed second on the list to be paid $200. R. B. Knott filed an opposition to the account, claiming $750 for rent due on the second lease and seeking to be paid by preference and priority on the ground that he held a landlord's lien and privilege. Upon trial of the opposition the lower court rendered judgment overruling the opposition, from which judgment the opponent, appellant, appeals.

The sole question presented is which of these privileged claims, R. B. Knott's landlord's lien and privilege or T. L. James and Company's, Inc., chattel mortgage privilege, has preference or priority.

While the lease to the Ruston Creamery, Inc., was executed on April 1, 1932 yet it was not to take effect or the term to begin until August 1, 1932. The chattel mortgage was executed prior to August 1, 1932 or prior to the date of the beginning of the term of the lease. There is no rent claimed to be due on the prior lease. At the time the chattel mortgage was given the term of

the lease had not begun and the tenant had not taken possession under the lease. The question presented here was definitely decided in the case of Hardie et al. v. Wright et al., 12 La.App. 52, 125 So. 312, by the Court of Appeal, and affirmed by this Court by the refusal of a writ of review on October 8, 1929. In refusing the writ this Court unanimously refused it on the ground that the judgment was correct.

After a careful review of the case of Hardie v. Wright, supra, we are of the opinion that the doctrine laid down therein, to the effect that the landlord's privilege and lien does not attach prior to the beginning of the term of the lease, is correct.

In the case of Hardie v. Wright, supra, the Court stated (page 314):

"The existence of a landlord's lien presupposes a landlord and a tenant. To construe that this relation existed between the owner of the property and Mrs. Hickox when the mortgage was granted is to argue that the owner sustained this relation to two individuals at the same time with reference to the same property, for Mrs. Mallon's lease had not expired. Mrs. Hickox was certainly not a tenant of the owner. She was in the house by sufferance and could have been ejected at any time. The fact that she subsequently became a tenant could not have retroactive effect. It is true that when she granted the chattel mortgage she had contracted to occupy the place as a tenant, thus indicating her intention to create the relation of landlord and tenant. But the landlord's lien is not created by intention, nor by contract, in the sense that the obligation and privilege of landlord and tenant cannot be created by convention in advance of the actual establishment of the relation. In other words, it is not competent for individuals to stipulate that a lease shall begin at some time in the future and the landlord's lien shall have effect immediately."

For the reasons assigned the judgment is affirmed.

O'NIELL, C. J., dissents.