This suit tenders for decision the relative rank of plaintiffs lessor's lien and privilege and third opponent's chattel mortgage on a Ford Pick-Up truck owned by the defendant.
On December 1, 1943, by written instrument, plaintiff leased to the defendant for a period of two years, twenty acres of land with improvements thereon, a few miles east of the City of Monroe, Louisiana, excepting therefrom that portion of the tract on which is situated the main dwelling house and other structures named in the lease. The consideration of the lease was $1,400, payable in fixed amounts every ninety days, $900 of which was due and unpaid when this suit was filed.
On March 3, 1944, the defendant mortgaged to O. A. Walling, third opponent, the truck involved herein for the sum of $965, represented by note payable June 1, 1945. This mortgage, however, was not filed for record until April 8, 1944.
On January 13, 1945, plaintiff leased to defendant for $60 per month, the main dwelling, etc., that were excepted from the original lease agreement. Rent under this lease was paid to September 1, 1945.
On or about November 1, 1945, plaintiff again leased and let to defendant by oral agreement, for one year beginning November 30, 1945, the twenty acres of land covered by the original lease, the consideration being $700 payable in advance monthly. No part of this lease price was paid.
This suit was filed on March 30, 1946. Plaintiff sues to recover the $900 balance due on the original contract of lease; $233.33 due on the renewal lease of the twenty acres of land, and $420 due on lease of the main dwelling, etc., or a total of $1,553.33, plus interest, and attorney's fee on the notes that aggregate said $900. A writ of provisional seizure was sued out under which the sheriff of Ouachita Parish seized and took into his possession considerable personal property of the defendant then on the leased premises, including the truck covered by the mortgage to the third opponent. Defendant answered the suit, which is in effect a confession of judgment, and judgment was rendered as prayed for by plaintiff with recognition of the lessor's lien and privilege on the seized property which was ordered sold to pay the judgment. The property was again seized by the sheriff and advertised for sale. *Page 525 
Prior to the date of sale, Walling, by intervention and third opposition, intervened in the suit and alleged that the lien resulting from the execution and registry of the chattel mortgage held by him on the truck was superior in rank to the lessor's lien and privilege asserted by plaintiff. Judgment against defendant was prayed for and pursuant to prayer therefor, the court ordered that the truck be separately appraised and sold by the sheriff, and that the price brought be retained by him until the further orders of the court, all of which was done, but the amount bid for the truck was not sufficient to pay the balance of rent due plaintiff under the first lease.
Defendant answered the petition of intervention and third opposition, admitting all of the allegations thereof and submitted the matter to the court for decision.
Mrs. Easterling, in answer to the intervention and third opposition, admitted execution and registry of the mortgage to Walling but averred that same had been paid by refinancing in the manner described in her answer. In the alternative, she averred that her lessor's lien and privilege primes the chattel mortgage on which sued, because that instrument was not executed or filed until after the truck was on the leased premises and had become affected by said lien and privilege, a fact the judgment in her favor recognizes. She prays that the fund in the sheriff's hands be ordered paid to her.
The lower court ruled for plaintiff and ordered the proceeds of the sale of the truck paid over to her. The third opponent appealed to this court.
The effort of plaintiff to prove that the mortgage to Walling had been extinguished by payment was unsuccessful. The record leaves no doubt on the subject.
[1, 2] The truck involved herein was owned by the defendant when he and plaintiff entered into the contract of lease on December 1, 1943. If the truck was being used by defendant at date of the mortgage and prior thereto in such manner, with respect to the leased premises, as to become subject to and affected by the lessor's lien and privilege, rights under the mortgage are subordinate to the lessor's lien and privilege. The lien, superinduced by the giving of a chattel mortgage, is superior in rank only to those privileges and liens that arise subsequent to the filing of the act of mortgage for record. Act No. 198 of 1918, § 4, as amended by Act No. 178 of 1936.
[3] Appellant, while complaining generally of the lower court's ruling that the entirety of the indebtedness to plaintiff was secured by lessor's lien and privilege that primed the chattel mortgage, especially complains of the ruling as regards the rent due under the second lease of the twenty acres and that due under the lease covering the main dwelling and attached premises.
It is our view that appellant's position as regards the two latter leases is sound as the chattel mortgage was of record many months prior to the execution of these two leases. But, as the truck did not bring an amount sufficient to pay the balance due plaintiff under the first lease, the third opponent stands to gain little or nothing from a correction of the error of the lower court in the respect just mentioned.
[4] Defendant leased the land for the purpose of truck farming and to grow shrubbery, flowers and other nursery plants thereon for market. At the date of the first lease he lived with his family in the City of Monroe, and did not establish residence with them on the leased premises until on or about April 12, 1944. However, he began active operations on the land immediately after execution of the first lease and had a tenant thereon. Almost daily he visited the place prior to moving his family thereon and supervised the work of tenants and hired hands. He used the truck to make these visits and parked it regularly on the premises covered by the first lease, prior to the filing of the chattel mortgage.
After defendant and family established residence on the leased premises the truck was kept thereon day and night except for occasional trips by defendant therein to other parts of the country. The above related facts clearly warranted the lower court in deciding that the truck was affected by the lessor's lien and privilege under the first lease prior to and at the time of the filing of the chattel mortgage. *Page 526 
The following cases contain enlightening discussions of issues like or very much similar to those in the present case. They support plaintiff's position. See: Bernhardt v. Sandel, 4 La. App. 648; Moseley v. Doran, La. App., 163 So. 198; Youree, et al. v. Limerick, 157 La. 39, 101 So. 864, 37 A.L.R. 394; Comegys v. Shreveport Kandy Kitchen, 162 La. 103, 110 So. 104, 52 A.L.R. 931.
[5] Appellant advances the contention that even though it be conceded that the chattel mortgage is primed by the lessor's lien and privilege that arose under the first lease, since the seized property, other than the truck, brought a price in excess of the amount due plaintiff under the first lease, payment should be imputed to this indebtedness. This contention is not tenable. Plaintiff had a first lien and privilege on the truck that arose under the first lease, and had a lien and privilege on the truck under the other two leases inferior in rank to the chattel mortgage. She had a fixed and vested right against the truck to secure payment, in whole or part, of all the indebtedness due her. She could not be required, and the law does not exact of her, to impute payment in such way and manner as to impair her rights to the extent that loss would fall upon her and this is what would happen if appellant's contention were upheld.
Appellant cites and relies upon the following cases, to-wit: Thigpen v. Wall Printing Corporation, Inc., et al., La. App., 145 So. 714; Weaks Supply Company, Ltd. v. Werdin, et al., La. App., 147 So. 838; In re Ruston Creamery, Inc., 190 La. 681,182 So. 715.
The first two of these cases were decided by this court. The other one was decided by the Supreme Court. We have re-read the opinion in each of these cases and are quite certain neither of them conflicts with what we have said and what we hold herein.
When the first lease expired, defendant was due plaintiff a balance on rent account. That balance was secured by lessor's lien and privilege on the truck and other property. This status of things was not altered by the execution of the new lease on the land nor by that which covered the other property. It remained unaffected by subsequent events.
For the reasons herein given, the judgment appealed from is amended by decreeing that as to the amount for which the truck sold, third opponent's lien, arising from the chattel mortgage, is superior to and primes the lessor's lien and privilege which arose from the second lease of the land and the lease of the main dwelling, etc.; and, as thus amended, the judgment appealed from is affirmed. Plaintiff is cast for the costs of appeal to this court.